IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-00179-10-CR-W-SRB |
| MAXIMILIANO OLIVA-VERDIN, | |
| Defendant. | |

**MOTION FOR DETENTION**

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant MAXIMILIANO OLIVA-VERDIN, and states the following in support of the motion:

1. This motion is being made at the defendant's first appearance before a judicial officer. A criminal indictment has been filed charging the defendant with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

2. The defendant is charged in Counts One and Two with offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951 *et seq.*, or chapter 705 of title 46. *See* 18 U.S.C. § 3142(f)(1)(C).

3. Counts One and Two are also offenses for which the maximum sentence is life imprisonment. *See* 18 U.S.C. § 3142(f)(2)(B).

4. Based on these charges and the present motion, this Court "shall hold a hearing to determine whether any condition or combination of conditions … will reasonably assure the

appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

5. Under the Bail Reform Act, a defendant can be detained if "the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions … will reasonably assure the defendant's appearance can a defendant be detained before trial." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)).

6. Based on Counts One and Two of the criminal indictment in this case, subject to rebuttal by the defendant, the Court shall presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3).

7. In determining whether pre-trial detention is appropriate, the Court shall consider information concerning the nature and circumstance of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the danger to any person of community posed by the defendant's release. 18 U.S.C. § 3142(g).

8. Here, the factors all weigh in favor of detention. First, the nature of the offense is a serious one. The defendant participated in the distribution of methamphetamine. This offense carries with it a mandatory minimum prison term of ten years, up to life imprisonment, and up to a $10,000,000 fine. Second, the weight of the evidence is strong. The defendant sold a kilogram of methamphetamine to law enforcement in a controlled purchase. He was observed through physical surveillance and his participation in the transaction was further confirmed through phone

tolls.  Third, the defendant does not have strong ties to the community and does have strong ties to a foreign country.  He is a citizen of Mexico without legal permission to enter or be present in the United States.  He does not have legal permission to work in the United States, and it would be illegal for an employer to hire him.  Finally, the defendant is a danger to the community.  He distributed a large amount of methamphetamine, a drug that causes untold harm in our communities.

9. The United States submits that there are no conditions which the Court could place on the defendant's release which would reasonably assure the safety of the community by clear and convincing evidence and reasonably assure the defendant's appearance by a preponderance of the evidence.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant.

Respectfully submitted,

Jeffrey P. Ray
Acting United States Attorney

By   /s/ *Megan A. Baker*
     /s/ *Heather Siegele*

Megan A. Baker
Heather Siegele
Assistant United States Attorneys
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing was delivered on June 20, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                    /s/ *Megan A. Baker*
                                    Megan A. Baker
                                    Assistant United States Attorney

4

Case 4:25-cr-00179-SRB    Document 19    Filed 06/20/25    Page 4 of 4